IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVANS TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT L. AYERS, JR., et al.,<br><br>    Defendants. | No. C 08-0647 MMC (PR)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g); GRANTING MOTION TO FILE AMENDED COMPLAINT**<br><br>**(Docket No. 3)** |

    On January 30, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at San Quentin State Prison. On March 19, 2008, plaintiff filed a first amended complaint.[1] Plaintiff seeks leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.

    The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[1] Plaintiff's motion for leave to file a first amended complaint (Docket No. 3) is hereby GRANTED. See Fed. R. Civ. P. 15(a) (providing plaintiff may amend complaint once as a matter of course at any time before responsive pleading is served).

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action IFP under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) (holding prisoner barred from proceeding IFP under § 1915(g) may proceed under fee provisions of 28 U.S.C. §§ 1911-14 applicable to all other litigants).

For purposes of determining whether dismissal of a prisoner's prior case meets the requirements of § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation; the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact;" and the word "malicious" refers to a case "filed with the intention or desire to harm another." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (quotations and citations omitted).

Before leave to proceed IFP may be denied under § 1915(g), the prisoner must be given notice of the potential applicability of § 1915(g), by either the district court or the defendants. Id. Further, as the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him, the court must notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. Id. at 1120.

A review of the dismissal orders in the prior actions filed by plaintiff in this court reveals that he has filed as a prisoner more than three actions that subsequently were dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The Court has evaluated these actions based on the dismissal orders filed therein. See id. (holding where docket records are not sufficient to determine whether prior dismissals fall under § 1915(g), actual court files must be consulted). Specifically, plaintiff is now given notice that the Court is of the belief that the following dismissals may be counted as dismissals for purposes of § 1915(g): Taylor v. R.J. Reynolds

2

Tobacco Co., No. C 03-0968 MMC (PR) (N.D. Cal. Oct. 20, 2003) (dismissing action as barred by statute of limitations)[2]; Taylor v. Brown & Williamson Tobacco Corp., No. C 03-0856 MMC (PR) (same); Taylor v. Philip Morris Inc., No. C 03-0758 MMC (PR) (same); Taylor v. Ornoski, et al., No. C 06-2224 MMC (PR) (N.D. Cal. June 14, 2006) (dismissing action with prejudice because, as a matter of law, no federal claim for relief stated). Additionally, the Court is of the belief that the following dismissal of an action filed by plaintiff in the United States District Court for the Eastern District of California likewise may be counted as a dismissal for purposes of § 1915(g): Taylor v. Donahue, No. CIV S-99-2158 GEB JFM P (E.D. Cal. Oct. 17, 2000) (adopting findings and recommendations of Magistrate Judge and dismissing destruction of property claim with prejudice as legally frivolous).

In light of the above-noted dismissals, and because plaintiff has not alleged that he is under imminent danger of serious physical injury, plaintiff is hereby ORDERED TO SHOW CAUSE, within **thirty days** of the date this order is filed, why plaintiff's application for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Alternatively, rather than showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying, within **thirty days** of the date this order is filed, the full $350.00 filing fee. Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice to plaintiff's refiling the complaint in a new case in which plaintiff pays the filing fee.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: October 3, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] A complaint that is time-barred fails to state a claim on which relief may be granted. See Jablon v. Dean Witter Co., 614 F.2d 677, 682 (9th Cir. 1980).

3