IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVANS TAYLOR, ) | No. C 08-0647 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING LEAVE TO** |
| ) | **PROCEED IN FORMA PAUPERIS;** |
| v. ) | **DENYING MOTION FOR** |
| ) | **APPOINTMENT OF COUNSEL;** |
| ROBERT L. AYERS, JR., et al., ) | **DISMISSING ACTION** |
| ) | |
| Defendants. ) | **(Docket Nos. 2 & 5)** |
| _____) | |

On January 30, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at San Quentin State Prison. Plaintiff seeks leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action IFP, but he still may pursue

his claims if he pays the full filing fee at the outset of the action. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) (holding prisoner barred from proceeding IFP under § 1915(g) may proceed under fee provisions of 28 U.S.C. §§ 1911-14 applicable to all other litigants).

Before leave to proceed IFP may be denied under § 1915(g), the prisoner must be given notice of the potential applicability of § 1915(g), by either the district court or the defendants. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Further, as the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him, the court must notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. Id. at 1120.

On October 3, 2008, the Court directed plaintiff to show cause why plaintiff's application for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In so doing, the Court informed plaintiff of the following:

> A review of the dismissal orders in the prior actions filed by plaintiff in this court reveals that he has filed as a prisoner more than three actions that subsequently were dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The Court has evaluated these actions based on the dismissal orders filed therein. See id. (holding where docket records are not sufficient to determine whether prior dismissals fall under § 1915(g), actual court files must be consulted). Specifically, plaintiff is now given notice that the Court is of the belief that the following dismissals may be counted as dismissals for purposes of § 1915(g): Taylor v. R.J. Reynolds Tobacco Co., No. C 03-0968 MMC (PR) (N.D. Cal. Oct. 20, 2003) (dismissing action as barred by statute of limitations); Taylor v. Brown & Williamson Tobacco Corp., No. C 03-0856 MMC (PR) (same); Taylor v. Philip Morris Inc., No. C 03-0758 MMC (PR) (same); Taylor v. Ornoski, et al., No. C 06-2224 MMC (PR) (N.D. Cal. June 14, 2006) (dismissing action with prejudice because, as a matter of law, no federal claim for relief stated). Additionally, the Court is of the belief that the following dismissal of an action filed by plaintiff in the United States District Court for the Eastern District of California likewise may be counted as a dismissal for purposes of § 1915(g): Taylor v. Donahue, No. CIV S-99-2158 GEB JFM P (E.D. Cal. Oct. 17, 2000) (adopting findings and recommendations of Magistrate Judge and dismissing destruction of property claim with prejudice as legally frivolous).

(Order, filed Oct. 3, 2008, at 2-3.)

On October 28, 2008, plaintiff filed a response to the Court's order to show cause. As an initial matter, plaintiff objects to the Court's having issued the order to show cause on its own initiative. As noted, however, either the district court or defendants may give the prisoner notice of the potential applicability of § 1915(g). See Andrews, 398 F.3d at 1121.

Plaintiff further argues that § 1915(g) is not applicable herein because only one of the cases cited by the Court counts as a dismissal under § 1915(g), specifically, Taylor v. Ornoski, et al., No. C 06-2224 MMC (PR), which was dismissed expressly for failure to state a claim. Plaintiff maintains the other four cases cited by the Court do not count as dismissals under § 1915(g), for the following reasons.

With respect to the three cases plaintiff filed against tobacco companies,[1] which cases the Court dismissed as barred by the statute of limitations, plaintiff first contends that such cases were "spuriously given three separate case numbers." (Response at 2.) To the extent plaintiff maintains, however, that all three cases should have been filed as one action, and therefore count only as one dismissal under § 1915(g), such argument is without merit. The court dockets for the noted cases show plaintiff filed three separate actions in state court against three different tobacco companies, each action subsequently was removed by the defendants to federal court, and each removed action was filed in this district as a separate action. While the actions initially were assigned to three different judges, all three actions subsequently were assigned to the undersigned as related cases. At no time, however, did any party move to consolidate the cases into one action; rather, each case was separately argued and adjudicated. Consequently, the Court rejects plaintiff's contention that the dismissals of these three cases should count only as one dismissal under § 1915(g).

Plaintiff further argues that the dismissals of the three cases do not count as dismissals under § 1915(g) because the actions were dismissed as barred by the statute of limitations, and not expressly for failure to state a claim upon which relief may be granted. Such

---

[1] Specifically, Taylor v. R.J. Reynolds Tobacco Co., No. C 03-0968 MMC (PR), Taylor v. Brown & Williamson Tobacco Corp., No. C 03-0856 MMC (PR), and Taylor v. Philip Morris Inc., No. C 03-0758 MMC (PR).

3

argument also is without merit. A complaint that is time-barred fails to state a claim upon which relief may be granted. See Jablon v. Dean Witter Co., 614 F.2d 677, 682 (9th Cir. 1980). Consequently, the three dismissals count as dismissals under § 1915(g).

Plaintiff similarly argues that the dismissal of Taylor v. Donahue, No. CIV S-99-2158 GEB JFM P, as legally frivolous does not count as a dismissal under § 1915(g) because the complaint was not dismissed for failure to state a claim. Section § 1915(g) expressly provides, however, that a prisoner may be denied leave to proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous*, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g) (emphasis added). Consequently, dismissal of the noted case as frivolous counts as a dismissal under § 1915(g).

In view of the above, the Court concludes that plaintiff has filed as a prisoner more than three actions that subsequently were dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Accordingly, plaintiff's motion for leave to proceed IFP in the instant action is hereby DENIED. To avoid dismissal of this action, plaintiff must therefore pay the $350.00 filing fee in full. Plaintiff states he is unable to do so, but is "not averse" to making monthly payments of approximately $28.00 to the court until the entire fee is paid. (Response at 3.) A schedule of monthly payments until the entire fee is paid, however, is precisely what is required when a prisoner has been *granted* leave to proceed IFP. See 28 U.S.C. § 1915(b)(1). Plaintiff has been *denied* leave to proceed IFP herein; consequently, he may not proceed without paying the $350.00 filing fee in full at the outset of the action, as is required of any other litigant who is not proceeding IFP. See Adepegba, 103 F.3d at 388. As plaintiff states he is unable to do so, the instant action is hereby DISMISSED without prejudice to plaintiff's refiling the complaint in a new case in which plaintiff pays the filing fee.

In light of the dismissal of this action, plaintiff's motion for appointment of counsel is hereby DENIED as moot.

4

1  This order terminates Docket Nos. 2 and 5.

2  The Clerk shall close the file.

3  IT IS SO ORDERED.

4  DATED: December 11, 2008

5  _____
MAXINE M. CHESNEY
United States District Judge